IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
AT JACKSON

| | |
|---|---|
| PEGGY J. LEACH,<br>      Plaintiff,<br>v.<br><br>ELECTRIC RESEARCH AND<br>MANUFACTURING COOPERATIVE, INC. (as itself and d/b/a ERMCO),<br><br>      Defendants. | Civil Action No.<br><br>_____<br><br>*Jury Demanded* |

## COMPLAINT FOR DAMAGES

Comes the Plaintiff, Peggy J. Leach, ("Peggy Leach" or "Plaintiff") and as her cause of action against Electric Research and Manufacturing Cooperative, Inc. and ERMCO states:

PARTIES, VENUE, AND JURISDICTION

1. Plaintiff is a resident of Dyer County, Tennessee.

2. Defendant Electric Research and Manufacturing Cooperative, Inc. (a/k/a or d/b/a ERMCO) is believed to be a foreign corporation or other business association licensed to do and doing business in the State of Tennessee with offices located in Dyer County, Tennessee. The agent for service of process shown upon the records of the Tennessee Secretary of State is William K. Reffert, 2225 Industrial Road, Dyersburg, Tennessee 38024-2344. *See* Tenn. Code Ann. §§ 20-2-201 et seq. and §48-25-107.

3. Defendant Electric Research and Manufacturing Cooperative, Inc. is

1

believed to be doing business as ERMCO at 2225 Industrial Road, Dyersburg, Tennessee 38024, however, in the event that ERMCO is a separate and distinct entity, then (a) the type of entity of ERMCO is not known and (b) ERMCO is sued as a separate defendant in this matter and it may be served with process upon its chief agent at its principal place of business at 2225 Industrial Road, Dyersburg, Tennessee 38024.

4. Defendants are called "Electric Research" in this complaint.

5. This Court has jurisdiction of this matter under 28 U.S.C. § 1331.

6. Venue is proper in this Court pursuant to 28 U.S.C. §123(c) and 28 U.S.C. §1391.

## FACTS

7. Peggy J. Leach worked for Electric Research beginning in November 1, 1993.

8. For many years, Peggy Leach worked as a buyer/planner/expeditor at Electric Research.

9. Beginning in November 2003, Peggy Leach worked alongside a male buyer/planner/expeditor who had less experience as a buyer with the company, and less time with the company, than she did, and yet the male buyer/planner/expeditor was paid more than Peggy Leach.

10. Electric Research maintains and enforces a policy of disallowing employees in office jobs from speaking to other employees about pay rates and/or

salaries, and so Peggy Leach was not aware of the pay differential until sometime after January 2014.

11. The payment of less wages to Peggy Leach than those paid to a comparable male employee constituted discrimination prohibited by 42 U.S.C. §2000e-5 and 29 U.S.C. §206(d).

*CAUSE OF ACTION –DISCRIMINATION ON THE BASIS OF GENDER UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. §2000e-5 AND THE FAIR LABOR STANDARDS ACT (EQUAL PAY), 29 U.S.C. §206(d).*

12. All of the other allegations of this complaint are incorporated into this count by reference, as if copied verbatim herein.

13. Electric Research paid male individual with less experience and less time working for the company more than it paid Peggy Leach for a very similar, if not identical, job.

14. The differential pay continued into 2014, and, upon information and belief, continues today.

15. At all times relevant to the allegations of this complaint, Peggy Leach was in the class of female employees protected by Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 and 29 U.S.C. §206(d).

16. The actions of Electric Research constitute a direct violation of the law, in particular, Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 and 29 U.S.C. §206(d).

17. Upon information and belief, the violations of law alleged in this

complaint were willful, for at least the following reasons:

      a. Electric Research asserts it paid the male employee greater pay in part because he had a four-year college degree, however, such a degree is not a required part of the job description for Buyer/Planner/Expeditor, and Peggy Leach possessed a two-year associates degree, as well as over a decade of experience as a buyer; and,

      b. Electric Research asserts that it paid the male employee greater pay in part because the male employee had more credentials, but that employee was actually trained to perform his job by Peggy Leach, objectively demonstrating her equal or higher experience, job knowledge, and/or ability; and,

      c. Electric Research asserts that it paid the male employee greater pay in part because the male employee performed additional reporting duties (beyond the duties performed by Peggy Leach), but the reporting duties of Peggy Leach and the male employee were substantially similar.

18. Peggy Leach has exhausted her administrative remedies under Title VII of the Civil Rights Act of 1964 and received, after June 3, 2015, a notice of right to sue that was dated June 3, 2015.  Peggy Leach brings her claim within ninety days of the date of, and her receipt of, the notice of right to sue letter.

19. The actions of Electric Research have directly caused injury and damage to Ms. Leach, including direct pecuniary loss from lost wages, and also emotional loss, pain, suffering, and humiliation; Ms. Leach will continue to suffer monetary loss in future.

20. Peggy Leach therefore brings the following cause of action against Electric Research: discriminatory, disparate treatment violating Title VII of the Civil Rights Act of 1964 and 29 U.S.C. §206(d).

WHEREFORE, PLAINTIFF PEGGY LEACH PRAYS:

A.  That process be issued and served upon Electric Research and Manufacturing Cooperative, Inc. and ERMCO and that Electric Research and Manufacturing Cooperative, Inc. and ERMCO be required to answer as required by law;

B.  That Peggy Leach have judgment against Electric Research and Manufacturing Cooperative, Inc. and ERMCO for compensatory damages in an amount not to exceed Seventy Thousand Dollars and for liquidated damages in an equal amount;

C.  For a jury to try this matter when the issues are joined;

D.  For such other, further and general relief of a legal or equitable nature to which Peggy Leach may be entitled, including the payment of her attorney fees and that costs of this cause be taxed to the Defendants.

Respectfully submitted,

PEGGY LEACH
By her Attorneys

WILKERSON GAULDIN HAYES JENKINS & DEDMON
 By:    /s/ Lewis Jenkins
        William Lewis Jenkins Jr. (#017423)
        E-mail: ljenkins@tenn-law.com
        113 S. Mill Ave., P.O. Box 220
        Dyersburg, TN 38025-0220
        Tel. 731.286.2401  /  Fax 731.286.2294